**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MLB ADVANCED MEDIA, L.P. and MAJOR LEAGUE BASEBALL PROPERTIES, INC. | |
| Plaintiffs, | |
| -against- | |
| TERRY COLES, | |
| Defendant. | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-16-26

Docket No. 1:25-cv-06895 (LAK) (RFT)

~~[PROPOSED]~~ CONTEMPT &
SEIZURE ORDER

This matter comes before the Court pursuant to an order to show cause filed by Plaintiffs MLB Advanced Media, L.P. and Major League Baseball Properties, Inc. (collectively, "Plaintiffs"), for the entry of a contempt and seizure order against Defendant Terry Coles ("Defendant") for Defendant's violation of the Court's October 30, 2025 Permanent Injunction Order ("Permanent Injunction Order").

Defendant was personally served with Plaintiffs' order to show cause on April 13, 2026 requiring his presence at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, NY 10017 on April 15, 2026 at 10:00 a.m. (the "Hearing Date").

Defendant did not appear at the Hearing Date as ordered, nor did Defendant submit any papers in opposition to Plaintiffs' order to show cause or otherwise seek an extension of the Hearing Date.

The Court, having considered the Memorandum of Law, the Declaration of Robertson D. Beckerlegge dated April 8, 2026 and exhibits annexed thereto, and the Affidavit of Raymond P.

Dowd dated April 7, 2026, and upon all other pleadings and papers filed in this action, and the above mentioned facts, it is hereby:

ORDERED, ADJUDGED AND DECREED that Defendant is found in civil contempt of the Court's Permanent Injunction Order based on his continued sales of counterfeit and infringing goods as specified in the Permanent Injunction Order in April 2026, including at Yankee Stadium on April 3, 4, and 5, as detailed in the Affidavit of Raymond P. Dowd;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs, assisted by the United States Marshal for the Southern District of New York, the New York Police Department, or the Office of the Sheriff for the City of New York (hereinafter jointly referred to as "Federal/Local Law Enforcement"), are authorized to seize, sequester or impound any goods or materials covered by the Permanent Injunction Order, which is attached hereto as Exhibit A, that Defendant is advertising, offering for sale, or selling or directing others to advertise, offer for sale, or sell, ~~including any carton, container, or vessel in which said goods or materials are stored, carried, displayed, or transported,~~ *LAK*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Federal/Local Law Enforcement shall transfer possession of all such seized merchandise and materials to Plaintiffs' authorized representatives at a secure facility as substitute custodians for the Court;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant must provide Plaintiffs with a declaration under penalty of perjury by 5:00 p.m., Saturday, April 18, 2026 via email to rbeckerlegge@bakerlaw.com setting forth (1) the location(s) in which Defendant stores any goods or materials covered by the Permanent Injunction Order; and (2) the names, addresses, and contact information for Defendant's supplier(s) of any goods or materials covered by the Permanent Injunction Order;

Case 1:25-cv-06895-LAK    Document 31    Filed 04/16/26    Page 3 of 9

Case 1:25-cv-06895-LAK    Document 30    Filed 04/15/26    Page 3 of 3

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any failure by Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including fines and seizures of property; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: _____4/16_____, 2026
New York, New York

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT A

Case 1:25-cv-06895-LAK    Document 17    Filed 10/24/25    Page 1 of 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MLB ADVANCED MEDIA, L.P. and MAJOR
LEAGUE BASEBALL PROPERTIES, INC.

Plaintiffs,

-against-

TERRY COLES,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/25

Docket No. 1:25-cv-06895 (LAK) (RFT)

[~~PROPOSED~~] **FINAL DEFAULT**
**JUDGMENT AND PERMANENT**
**INJUNCTION ORDER**

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defendant for Defendant's trademark infringement, trademark counterfeiting, false designation of origin, dilution, and unfair competition claims arising out of Defendant's unauthorized use of Plaintiffs' MLB Trademarks[1] including, without limitation, in his advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling unauthorized merchandise, including but not limited to, apparel, baseball caps, and headwear, bearing one or more identical, substantially indistinguishable, or confusingly similar copies of the MLB Trademarks.

The Court, having considered the Memorandum of Law, Declaration of Robertson D. Beckerlegge in support of Plaintiffs' Motion for Default Judgment and exhibits annexed thereto, including the Affidavit of Service of the Summons and Complaint and the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby:

---

[1] As defined in the Complaint. ECF No. 1.

Case 1:25-cv-06895-LAK    Document 17    Filed 10/24/25    Page 2 of 5

ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiffs on all counts in the Complaint.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages requested in their Motion for Default Judgment, the Court awards Plaintiffs Two Hundred Thousand U.S. Dollars ($200,000.00) in statutory damages against Defendant.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendant, along with all of his officers, agents, servants, employees, representatives, successors, assigns, attorneys, and all other persons acting on behalf of, for, with, through, or under authority from Defendant, or in concert or participation with Defendant, who receive actual notice of this Order, are permanently enjoined and restrained from:

A. Using in connection with the manufacture, sale, offering for sale, distribution, advertising, or promotion of any goods or services, including but not limited to use on the products themselves, and/or on the labels or packaging for the products and/or advertising or promotional materials for such products or services:

  i. any reproduction, counterfeit, copy, or colorable imitation of the MLB Trademarks, or any other trademarks, service marks, names, trade names, trade dresses, logos, designs, distinctive colors, color combinations, striping, uniform designs, or the positioning of such elements on uniforms, that are substantially indistinguishable from, confusingly similar to, or dilutive of any of the MLB Trademarks;

2

Case 1:25-cv-06895-LAK    Document 17    Filed 10/24/25    Page 3 of 5

ii.    any images, pictures, posters, photographs, caricatures, depictions or likenesses in a still or moving form (collectively, "Images"), in whole or in part, of current or former players, coaches, or managers wearing any item resembling a Major League Baseball uniform, or a component of such uniform, on or in any products or materials, including but not limited to on any product, advertising, or promotional materials. For purposes of this Order, jerseys, pants, jackets, caps, helmets, and catchers' equipment are considered components of a Major Legue Baseball uniform;

iii.    any uniform number, baseball player name, any Images, a geographical designation, initials, abbreviation, or other geographical reference to the location of a MLB Club, when used in conjunction with any of the MLB Trademarks or other names, trademarks, trade dress, colors, or designs that are similar thereto or which identify or are associated with or suggest a connection with any of the MLB Entities;

B.  Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' or the MLB Entities' business reputation or dilute the distinctive quality of Plaintiffs' or the MLB Entities' names and the MLB Trademarks;

C.  Using a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Plaintiffs or the other MLB Entities, or as being sponsored by, licensed by, authorized by, originating from, or otherwise associated with Plaintiffs or the other MLB Entities, and from offering such goods into commerce;

3

Case 1:25-cv-06895-LAK    Document 17    Filed 10/24/25    Page 4 of 5

D. Further infringing the MLB Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiffs or the other MLB Entities;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold, or rented by Defendant is in any manner associated with, connected to Plaintiffs or the other MLB Entities, or is sold by, manufactured by, licensed by, sponsored by, approved by, or authorized by Plaintiffs;

G. Engaging in any activity constituting an infringement of any of the MLB Trademarks or of Plaintiffs' rights in, or to use or to exploit, said MLB Trademarks, or constituting any dilution of Plaintiffs' name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing,

4

Case 1:25-cv-06895-LAK    Document 17    Filed 10/24/25    Page 5 of 5

offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the MLB Trademarks;

I. Selling, offering for sale, or advertising any merchandise bearing the MLB Trademarks on the Internet or in e-commerce, including but not limited to all forms of social media; and

J. Effecting assignments or transfers, forming new entities or associations, assisting, aiding, abetting any other person or entity, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant must deliver up for destruction to Plaintiffs all unauthorized products and advertisements in his possession or under his control bearing any of the MLB Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

IT IS FURTHER ORDERED, ADJUDGED AND DECEED that any failure by Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including fines and seizures of property.

IT IS FURTHER ORDERED, ADJUDGED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: _____Oct. 30_____, 2025
New York, New York

Issued at 3:15 p.m.

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5