USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 09/10/2026

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MLB ADVANCED MEDIA, L.P. and MAJOR LEAGUE BASEBALL PROPERTIES, INC.

Plaintiffs,

-against-

TERRY COLES,

Defendant.

Docket No. 1:25-cv-06895 (LAK) (RFT)

**CONTEMPT & SEIZURE ORDER**

This matter comes before the Court pursuant to an order to show cause filed by Plaintiffs MLB Advanced Media, L.P. and Major League Baseball Properties, Inc. (collectively, "Plaintiffs"), for the entry of a further contempt and seizure order against Defendant Terry Coles ("Defendant") for Defendant's violation of the Court's October 30, 2025 Permanent Injunction Order ("Permanent Injunction Order") and the Court's April 16, 2026 Contempt and Seizure Order ("April Contempt Order").

Defendant was personally served with the April Contempt Order on April 16, 2026. Defendant did not provide the information in accordance with the April Contempt Order.

The Court, having considered the Memorandum of Law, the Declaration of Robertson D. Beckerlegge dated July 31, 2026 and exhibits annexed thereto, the Affidavit of Peter Mastrogiovanni dated June 2, 2026, the Affidavit of Raymond P. Dowd dated June 29, 2026, the Affidavit of Douglas Assiff dated September 4, 2026, the Defendant's failure to appear at the Show Cause hearing on September 8, 2026, and upon all other pleadings and papers filed in this action, and the above mentioned facts, it is hereby:

ORDERED, ADJUDGED AND DECREED that Defendant is found in further civil contempt of the Court's Permanent Injunction Order and the Court's April Contempt Order based on his failure to supply the information required under the April Contempt Order and his continued sales of, and/or assistance to others in selling, counterfeit and/or infringing goods in violation of the Permanent Injunction Order, including at Yankee Stadium on May 1, 2, 3, 18, 19, 21, and 22; June 2, 7, and 19; and August 7, 8, 9, 12, 21, 23, 25, and 30, 2026, and at Citi Field on May 15 and 17, 2026, as detailed in the Affidavit of Raymond P. Dowd, the Affidavit of Peter Mastrogiovanni, and the Affidavit of Douglas Assiff;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs, assisted by the United States Marshal for the Southern District of New York, the New York Police Department, or the Office of the Sheriff for the City of New York (hereinafter jointly referred to as "Federal/Local Law Enforcement"), are authorized to seize, sequester, impound, and take into custody any and all goods, merchandise, or materials that relate to the conduct prohibited by the Permanent Injunction Order, which is attached hereto as Exhibit A. This authorization includes any such goods or materials that the Defendant, or any persons acting in concert or participation with him, are advertising, marketing, promoting, displaying, offering for sale, selling, distributing, or otherwise transferring, or directing others to advertise, market, offer for sale, sell, or distribute, whether in physical locations, temporary or mobile points of sale, or while in transit. This authorization further extends to any such goods contained in or transported by any carton, container, packaging, wrapping, vehicle, bag, receptacle, or vessel where there is reasonable cause to believe that counterfeits or infringement of Plaintiffs' merchandise are being stored by the Defendant or any persons acting in concert or participation with him;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Federal/Local Law Enforcement shall transfer possession of all such seized merchandise and materials to Plaintiffs' authorized representatives at a secure facility as substitute custodians for the Court;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that service of a copy of this Order shall be made upon Defendant by personal service and/or in any manner provided for by the Federal Rules of Civil Procedure for the service of a summons on or before September 13, 2026;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that within 10 days of the service of this Order, Defendant must provide Plaintiffs with a declaration under penalty of perjury via email to rbeckerlegge@bakerlaw.com setting forth (1) the location(s) in which Defendant stores any goods or materials covered by the Permanent Injunction Order; and (2) the names, addresses, and contact information for Defendant's supplier(s) of any goods or materials covered by the Permanent Injunction Order;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that no later than September 24, 2026, Plaintiffs shall file (1) proof of service of this Order and (2) an affidavit detailing Defendant's compliance, or lack thereof, with the immediately preceding paragraph, including copies of all correspondence received from the Defendant after the date hereof;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshals Service hereby shall arrest Defendant and confine him until such time as the Court determines that he has purged his contempt by providing the information required by this Order and the April Contempt Order; provided, however, that this paragraph is STAYED until September 25, 2026 at 12:00 P.M. EDT in order to afford Defendant an additional chance to comply with the Court's orders without being arrested. As provided by Local Civil Rule 83.6(c)(5), a certified copy of this

Order is sufficient authority for the United States Marshals Service to arrest and confine Defendant; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: September 10, 2026
New York, New York

Hon. Lewis A. Kaplan
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 10/30/25

MLB ADVANCED MEDIA, L.P. and MAJOR LEAGUE BASEBALL PROPERTIES, INC.

Plaintiffs,

-against-

TERRY COLES,

Defendant.

Docket No. 1:25-cv-06895 (LAK) (RFT)

**[~~PROPOSED~~] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defendant for Defendant's trademark infringement, trademark counterfeiting, false designation of origin, dilution, and unfair competition claims arising out of Defendant's unauthorized use of Plaintiffs' MLB Trademarks[1] including, without limitation, in his advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling unauthorized merchandise, including but not limited to, apparel, baseball caps, and headwear, bearing one or more identical, substantially indistinguishable, or confusingly similar copies of the MLB Trademarks.

The Court, having considered the Memorandum of Law, Declaration of Robertson D. Beckerlegge in support of Plaintiffs' Motion for Default Judgment and exhibits annexed thereto, including the Affidavit of Service of the Summons and Complaint and the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby:

---

[1] As defined in the Complaint. ECF No. 1.

ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiffs on all counts in the Complaint.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages requested in their Motion for Default Judgment, the Court awards Plaintiffs Two Hundred Thousand U.S. Dollars ($200,000.00) in statutory damages against Defendant.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendant, along with all of his officers, agents, servants, employees, representatives, successors, assigns, attorneys, and all other persons acting on behalf of, for, with, through, or under authority from Defendant, or in concert or participation with Defendant, who receive actual notice of this Order, are permanently enjoined and restrained from:

A. Using in connection with the manufacture, sale, offering for sale, distribution, advertising, or promotion of any goods or services, including but not limited to use on the products themselves, and/or on the labels or packaging for the products and/or advertising or promotional materials for such products or services:

   i. any reproduction, counterfeit, copy, or colorable imitation of the MLB Trademarks, or any other trademarks, service marks, names, trade names, trade dresses, logos, designs, distinctive colors, color combinations, striping, uniform designs, or the positioning of such elements on uniforms, that are substantially indistinguishable from, confusingly similar to, or dilutive of any of the MLB Trademarks;

ii. any images, pictures, posters, photographs, caricatures, depictions or likenesses in a still or moving form (collectively, "Images"), in whole or in part, of current or former players, coaches, or managers wearing any item resembling a Major League Baseball uniform, or a component of such uniform, on or in any products or materials, including but not limited to on any product, advertising, or promotional materials. For purposes of this Order, jerseys, pants, jackets, caps, helmets, and catchers' equipment are considered components of a Major Legue Baseball uniform;

iii. any uniform number, baseball player name, any Images, a geographical designation, initials, abbreviation, or other geographical reference to the location of a MLB Club, when used in conjunction with any of the MLB Trademarks or other names, trademarks, trade dress, colors, or designs that are similar thereto or which identify or are associated with or suggest a connection with any of the MLB Entities;

B. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' or the MLB Entities' business reputation or dilute the distinctive quality of Plaintiffs' or the MLB Entities' names and the MLB Trademarks;

C. Using a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Plaintiffs or the other MLB Entities, or as being sponsored by, licensed by, authorized by, originating from, or otherwise associated with Plaintiffs or the other MLB Entities, and from offering such goods into commerce;

Case 1:25-cv-08295-LAK Document 20 Filed 10/30/25 Page 9 of 10

D. Further infringing the MLB Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiffs or the other MLB Entities;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold, or rented by Defendant is in any manner associated with, connected to Plaintiffs or the other MLB Entities, or is sold by, manufactured by, licensed by, sponsored by, approved by, or authorized by Plaintiffs;

G. Engaging in any activity constituting an infringement of any of the MLB Trademarks or of Plaintiffs' rights in, or to use or to exploit, said MLB Trademarks, or constituting any dilution of Plaintiffs' name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing,

Case 1:25-cv-06895-LAK Document 20 Filed 10/30/25 Page 5 of 5

offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the MLB Trademarks;

I. Selling, offering for sale, or advertising any merchandise bearing the MLB Trademarks on the Internet or in e-commerce, including but not limited to all forms of social media; and

J. Effecting assignments or transfers, forming new entities or associations, assisting, aiding, abetting any other person or entity, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant must deliver up for destruction to Plaintiffs all unauthorized products and advertisements in his possession or under his control bearing any of the MLB Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

IT IS FURTHER ORDERED, ADJUDGED AND DECEED that any failure by Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including fines and seizures of property.

IT IS FURTHER ORDERED, ADJUDGED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: Oct. 30, 2025
New York, New York

Issued at 3:15 p.m.

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE